UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES STACY BUSH,<br><br>Petitioner,<br><br>v.<br><br>A. AMY MILLER, Warden,<br><br>Respondent. | NO. CV 13-3467-AB (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the magistrate judge.

Petitioner objects to the Report's conclusion that Petitioner has not shown that Harmon's trial testimony was false or that the prosecutor knew Harmon's trial testimony was false as to Ground One. (Report at 11.) Petitioner argues that Harmon's testimony about the location of the stab wounds on the Parmley's body was refuted by the autopsy report, and cites his opening brief before the

California Court of Appeal. (Obj. at 5.) However, Petitioner's opening brief argued Harmon's testimony *at the preliminary hearing* that Petitioner stabbed Parmley in the right waist nine times was false based on the autopsy report, which showed three stab wounds to his back and under his left armpit. (LD 2 at 61 & n.26.) As the same brief acknowledged, Harmon testified at trial after the plea bargain only that Petitioner stabbed Parmley "over and over again" using an arc-like motion. (LD 12 at 3113-15; Report at 13.) The Report noted that the exchange between the prosecutor, counsel for Harmon, and the court outside the presence of the jury at trial proceeded from the assumption that Harmon's post-plea-bargain testimony at trial was true.[1] (*Id.* at 13-14.)

As to Ground Three, Petitioner objects to the Report's conclusion that Harmon's trial testimony about the scheme to steal weed from Parmley's home further inculpated her, Petitioner and Madrigal in the killing of Parmley. However, that testimony supplied a stronger motive for the killing than Harmon's testimony at the preliminary hearing that she went to Parmley's apartment with Petitioner and Madrigal to get her clothes back. (LD 11 at 206-09.)

Ground Two challenged the trial court's admission of Harmon's plea agreement and alleged vouching for Harmon. Petitioner objects to the Report's description of Harmon's testimony that "she understood that the judge who presided over the trial would decide the truthfulness of her testimony for purposes of sentencing." (Report at 16 (footnote omitted).) The transcript page cited in the Report contains the following questions and answers: "Q: All right. And that

---

[1] Harmon's trial testimony materially implicated her, Petitioner and Madrigal in a scheme to steal weed. As detailed in the Report, counsel for Harmon told the court that the prosecutor never asked for a proffer before entering into the plea bargain and "I never said to [the prosecutor] that Ms. Harmon is going to testify consistently with what she testified to the last time during the preliminary hearing." (LD 12 at 3060-61.) The court responded, "Maybe your client [Harmon] had absolutely no duty to come forward at that time and . . . she just gets the benefit now of a screw up, basically." (*Id.* at 3062.)

2

time-served sentence is contingent upon your truthful testimony? A: Yes." (LD 12 at 3314.) "I'm turning the page and showing you the second page. And this says that the judge who presides over the trial in which you testify will make the determination of the truthfulness of your testimony. And that's for purposes of your sentencing. Did you understand that?" A: Yes."[2] (*Id.*) The court then admonished the jurors that they were to decide the credibility of all witnesses, including Harmon. "The only role that I have with respect to this particular witness's credibility is when the trial is over, I decide whether or not I believe for purposes of punishment that this witness has been truthful. And I decide whether or not she will receive probation, time served, meaning she'll be released, or she would be sentenced to state prison for 16 months, two or three years, which is the state prison ranges for this accessory charge." The court made clear that the court's role had no impact on the jury's obligation to assess the credibility of all witnesses including Harmon. (*Id.* at 3315.)

Petitioner cites Harmon's subsequent testimony on cross examination on page 3468: "Q: You would say anything to get out of prison? A: I believe I'm being tested by the judge to see if I'm telling the truth. The Court: Well, as I said before, and I'm going to say it again, the jury – [Harmon]: The jury, too. The Court: – is deciding whether or not you're telling the truth now as a result of your testimony here and the other testimony."[3] (*Id.* at 3468.) Nothing in the passage cited by Petitioner alters the conclusion that Ground Two does not warrant habeas relief.

---

[2] The plea agreement stated that a "time served sentence is contingent on her truthful testimony." (LD 13 at 1.) "The judge who presides over the trial(s) in which Crystal Harmon testifies shall make the determination of the truthfulness of her testimony." (*Id.* (citing LD 13 at 2).)

[3] Petitioner mistakenly argues that the transcript cited in the Report occurred after page 3468. In fact, the Report cites to page 3314, which appears before page 3468. (Obj. at 10.)

3

1       Petitioner's remaining objections are without merit.

2       IT THEREFORE IS ORDERED that judgment be entered denying the First
3 Amended Petition on the merits with prejudice.

5 DATED: January 30, 2017

                                      ANDRÉ BIROTTE JR.
                                      United States District Judge